UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:

MICHAEL D. CARLIN,

                 Debtor.

Chapter 13

Case No. 11-11784 (ALG)

---

DECISION DENYING DEBTOR'S MOTION FOR A DISCHARGE
OF PRE-PETITION TAX DEBT TO THE IRS FOR THE YEAR 2008

APPEARANCES:

MICHAEL D. CARLIN
*Pro Se*
26 Broadway, 21st Floor
New York, New York 10004

PREET BHARARA
UNITED STATES ATTORNEY FOR THE
SOUTHERN DISTRICT OF NEW YORK
*Counsel to the Internal Revenue Service*
86 Chambers Street
New York, New York 10007

      By: Christine S. Poscalbo, Esq.

      On April 18, 2011, Michael D. Carlin (the "Debtor") filed a petition under chapter 13 of the Bankruptcy Code. On May 16, 2011, the Internal Revenue Service (the "IRS") filed a proof of claim (claim #14-1) in which it asserted a claim for taxes and penalties for the tax years 2004-2007 and 2009-2010. On August 19, 2011 the IRS filed a second claim (claim #14-2) which included unsecured priority claims for tax years 2007 and 2009-2010 and unsecured general claims for tax years 2004-2006, plus penalties and interest. The Debtor's plan of reorganization[1]

---

[1] The Debtor first filed a proposed plan of reorganization on August 5, 2011; it was modified on September 15, 2011. In addition, the schedules, which had been filed on May 1, 2011, were amended on August 29, 2011.

was confirmed on March 20, 2012, and proposed paying the IRS 100% of the amount listed in claim #14-2 (the priority claims).  Subsequent to confirmation, on January 9, 2014, the IRS filed a third claim (claim #14-3), in which it asserted for the first time a tax liability for the year 2008.  On July 9, 2014, after the Debtor objected to claim #14-3, it withdrew that claim (claim #14-5).  In the meantime, on June 12, 2014, the IRS had also filed claim #14-4, adding an unsecured priority claim for taxes due for tax year 2012, plus interest to the date of the bankruptcy filing.

The only issue before the Court relates to claims #14-3 and 14-5, in which the IRS sought the addition of a tax liability for 2008 and then withdrew that claim after objection.  On March 12, 2014, the Debtor filed a motion seeking (i) to disallow claim #14-3, related to the taxes due for year 2008, as untimely because it was filed after the last date by which governmental entities were required to file proofs of claim in the case, and (ii) to discharge pre-petition tax debts to the IRS for 2004-2010 (including 2008) upon completion of plan payments, "despite IRS' failure to file a timely 2008 tax proof of claim."  The IRS opposed the motion, arguing (i) that the Debtor's motion with respect to the IRS's claim #14-3 should be denied as moot because the IRS had filed claim #14-5, which withdrew it, and (ii) that the Debtor's motion for an order discharging his pre-petition tax debts for tax years 2004-2010 should be denied with respect to tax year 2008.  In addition the IRS filed its own motion seeking entry of an order finding that the Debtor's tax debt for tax year 2008 is non-dischargeable.  A hearing on this matter was held on September 4, 2014.

The Debtor contends that the 2008 tax debt should be discharged because it was encompassed in his plan, which provided for 100% payment of the IRS claim as set forth in claim # 14-2.  The Debtor argues that the IRS did not object to the confirmation of the plan and is bound by the plan, and that his pre-confirmation August 29, 2011 amendment of Schedule E gave the IRS sufficient notice that the debt for tax year 2008 was included.  Further, he refers to

2

the assessment date of the tax debts of the various years[2] and argues that since the 2010 tax debt was assessed after the 2008 tax debt, and taxes for the year 2010 were included in claim # 14-3, there was no justification not to include the 2008 debt in that claim. The Debtor also asserts that the IRS should not be permitted to withdraw its claim to "avoid" disallowance of its late-filed claim.

The IRS response is simple and conclusive: pursuant to § 1328(a)(2) of the Bankruptcy Code, as amended in 2005, a discharge does not apply to any debt "of the kind specified in [§ 523(a)(1)(B) of the Bankruptcy Code]," and the debt owed to the IRS for the 2008 tax year is such a debt.

*DISCUSSION*

Section 1328(a)(2) of the Bankruptcy Code provides, in relevant part:

as soon as practicable after completion by the debtor of all payments under the plan . . . the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt—

   (2) of the kind specified . . . in paragraph . . . (2) . . . of section 523(a);

Section 523(a)(1)(B)(ii), in turn provides, in relevant part, that

[a] discharge under section . . . 1328 (b) of this title does not discharge an individual debtor from any debt—

   (1) for a tax . . .

      (B) with respect to which a return, or equivalent report or notice, if required . . .

         (ii) was filed or given after the date on which such return, report, or notice was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition. . . .

---

[2] The 2008 tax debt was assessed on July 11, 2011, the 2009 tax debt on May 9, 2011, and the 2010 tax debt on August 15, 2011.

The record shows that Carlin filed his 2008 tax return after its due date and after April 18, 2009 – two-years prior to the petition date.  This is the type of tax rendered non-dischargeable in a chapter 13 case by the 2005 amendment to § 1328.  Pub. L. No. 109–8, 119 Stat. 23, enacted April 20, 2005.

Prior to the amendment of § 1328, such tax debts had been non-dischargeable in chapter 7 cases.  *See Pizzuto v. IRS (In re Pizzuto)*, 384 B.R. 105, 108 & n. 1 (Bankr. S. N.J. 2008).  The 2005 amendment extended the same principle to chapter 13 cases.  Carlin cites no authority that a non-dischargeable debt can be discharged in a plan such as his.  In *United States Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010), the Supreme Court held that a presumptively non-dischargeable student loan debt could be discharged where payment of the debt was specifically provided for in a plan, if the creditor received notice of the plan and did not object.  Carlin does not argue that his case should come within the holding of *Espinosa*, and any such effort would seemingly be unavailing for two reasons.  First, *Espinosa* states that the debtor there could have brought an adversary proceeding seeking a determination of "undue hardship" and discharge of the debt, and it distinguished between student loan debt, which is only presumptively non-dischargeable, and other debt that is non-dischargeable under any circumstances.  559 U.S. at 27, 277 n. 13.

In any event, Carlin fails to adequately explain how his debt was "dealt with" in his plan.  In *Espinosa*, the student loan debt was expressly listed in the debtor's plan as a debt to be paid; the real dispute in the case was over accrued interest that the plan disallowed and that the creditors wanted to preserve.  *Id*. at 1474.  Carlin's plan did not expressly encompass payment of any part of his 2008 tax liability.  His plan provided for payment in full of priority claims in the amount of $30,858.72, precisely the liability set forth in IRS claim # 14-2, but the IRS claim did

4

not include the 2008 tax liability. The plan is silent on any specific debt due the IRS, including a priority debt for the tax year "2008." Carlin says that the IRS was on "notice" of the fact that Carlin's taxes for the year 2008 were "at issue" in the bankruptcy case because his petition listed the IRS claim as taxes for the years 2002-2010. Be that as it may, there is no authority that a non-dischargeable claim has to be filed in a chapter 13 case or that it will lose its status as non-dischargeable because a chapter 13 debtor refers to the liability in the petition.

Most of the Debtor's argument relies on pre-2005 cases where a priority tax claim entitled to full payment in a chapter 13 plan was disallowed where the government failed to file a timely proof of claim. *See e.g.*, *In re Tomlan*, 102 B.R. 790 (E.D. Wash. 1989); *aff'd*, 907 F.2d 114 (9th Cir. 1990); *In re Sapienza*, 27 B.R. 526 (Bankr. W.D.N.Y. 1983); *In re Rothman*, 76 B.R. 38 (Bankr. E.D.N.Y. 1987). However, these cases predate the 2005 amendments applicable in chapter 13 cases and were decided at a time when an IRS tax claim was at best a priority unsecured claim. The 2005 amendments, which provide that a § 523(a)(1)(B)(ii) tax debt is non-dischargeable in a chapter 13 case, make these cases unavailing to Carlin.

Finally, the Debtor maintains that it has "always" been recognized that a chapter 13 discharge is broad. Although a chapter 13 discharge is "broader than the discharge received in any other chapter . . . Chapter 13 nevertheless restricts or prohibits entirely the discharge of certain types of debts." *Espinosa*, 559 U.S. at 271. Section 1328(a)(2) of the Bankruptcy Code provides that a § 523(a)(1)(B)(ii) tax debt is such a debt.

The question remains whether the IRS should be allowed to withdraw its untimely proof of claim. The governing rule is Bankruptcy Rule 3006, which provides that when an objection to a claim has been filed, a creditor may withdraw the claim only on order of the court after notice and hearing. Since an objection to the claim has been filed, a court order is needed, but Carlin

5

has identified no reason why the IRS should not be able to withdraw its non-dischargeable claim. There is no assertion that IRS claim #14-3 was timely, and the Court has no authority to allow a late proof of claim in a chapter 13 case. *In re Daniels*, 466 B.R. 214, 217 (Bankr. S.D.N.Y. 2011) (the time for filing a proof of claim in a chapter 13 case is set by Bankruptcy Rule 3002(c) and, except as specifically provided by the Bankruptcy Code or rules, "[t]he court has no equitable power to extend the time fixed by Rule 3002(c)."). The filing of a late proof of claim for a debt that is non-dischargeable is not a catch-22 that causes the debt to be dischargeable. Thus, the IRS may withdraw its proof of claim. This result might be different if Carlin moved to modify his plan to provide for payment of the claim in his plan so he could include the debt and reduce accruing post-petition interest, but any such motion would have to take account of the impact, if any, on other creditors. In the absence of any such request by the Debtor, on notice to the chapter 13 trustee and the IRS, the IRS can withdraw its late claim.

This IRS is directed to settle an appropriate order on 10 days' notice.

Dated: New York, New York
October 7, 2014

**s/Allan L. Gropper**
UNITED STATES BANKRUPTCY JUDGE